UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ERIC JUARBE,

                               Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer C0239;
Detective CHRISTOPHER LOPEZ, Shield No.
2636; Detective THOMAS WRIGHT, Shield No.
565; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                           Defendants.

---------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

14 CV 2497 (JBW) (RER)

## **NATURE OF THE ACTION**

1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.    Plaintiff demands a trial by jury in this action.

## PARTIES

7.    Plaintiff Eric Juarbe ("plaintiff" or "Mr. Juarbe") is a resident of Kings County in the City and State of New York.

8.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.    Defendant Police Officer C0239 at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Police Officer C0239 is sued in his individual and official capacities.

10.    Defendant Detective Christopher Lopez, Shield No. 2636 ("Lopez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lopez is sued in his individual and official capacities.

11.     Defendant Detective Thomas Wright, Shield No. 565 ("Wright"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Wright is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 6:00 p.m. on January 15, 2014, Mr. Juarbe was lawfully walking in the vicinity of 1644 Broadway in Brooklyn, New York to pick up his young stepson from school.

16.     Without reasonable suspicion or probable cause to believe plaintiff had committed any crime or offense, defendants exited their vehicle and stopped Mr.

Juarbe in front of his stepson's school.

17.     Defendants unlawfully searched Mr. Juarbe and no contraband was recovered.

18.     Defendants handcuffed Mr. Juarbe and, without probable cause or arguable probable cause, arrested him.

19.     Mr. Juarbe asked why he was being arrested, but defendants did not respond.

20.     Mr. Juarbe pleaded with defendants to allow him to advise the school that he would not be picking up his young stepson, but defendants ignored his pleas.

21.     Defendants took Mr. Juarbe to the 73rd Precinct.

22.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in the criminal sale and criminal possession of marijuana and prepared false paperwork including an arrest report.

23.     At no time did officers observe Mr. Juarbe engage in criminal activity.

24.     While at the Precinct, defendants illegally strip searched Mr. Juarbe and no contraband was recovered.

25.     When Mr. Juarbe again asked why he had been arrested, a defendant officer struck Mr. Juarbe in his face and threatened to charge plaintiff with a felony if he did not shut up.

-4-

26.     Mr. Juarbe was eventually taken to Brooklyn Central Booking.

27.     Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

28.     After approximately thirty hours in custody, Mr. Juarbe was released.

29.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

30.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

31.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

32.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, illegally strip-searched, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

41.    Plaintiff was conscious of his confinement.

42.    Plaintiff did not consent to his confinement.

43.    Plaintiff's confinement was not otherwise privileged.

44.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

48.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     The individual defendants created false evidence against plaintiff.

52.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

57.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

58.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

59.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

60.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Negligent Infliction of Emotional Distress**

61.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.     By reason of the foregoing, and by assaulting, battering, and using gratuitous force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

63.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

64. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Unlawful Strip Search

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

72.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      November 7, 2014
            New York, New York


                            HARVIS WRIGHT & FETT LLP

                            _____
                            Baree N. Fett
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            bfett@hwf.nyc

                            *Attorneys for plaintiff*